# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MICHAEL D. CHIDESTER, | Case No. 11-51591 |
| Debtor. | |
| | |
| CINCINNATI INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Adversary Case No. 12-05008 |
| MICHAEL D. CHIDESTER, | |
| Defendant. | |

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Cincinnati Insurance Company ("Cincinnati Insurance") filed its motion for summary judgment on August 31, 2012, seeking a determination that it was entitled to judgment as a matter of law on its non-dischargeability complaint against the defendant-debtor, Michael D. Chidester. Cincinnati Insurance's complaint alleges that Mr. Chidester committed defalcation while acting in a fiduciary capacity, and seeks a non-dischargeability determination under 11 U.S.C. § 523(a)(4). The Court held a hearing on Cincinnati Insurance's motion for summary judgment on November 28, 2012, took the matter under advisement, and subsequently denied Cincinnati Insurance's motion. Cincinnati Insurance appealed the Court's ruling to the United States District Court for the Western District of Virginia. After a hearing, the District Court affirmed in part and vacated in part the Court's ruling, and remanded the matter for consideration

1

of the facts under the Supreme Court's ruling in *Bullock v. BankChampaign, N.A.*, --- U.S. ---, 133 S. Ct. 1754 (2013). After consideration of the District Court's opinion and the record, briefs, and argument of the parties, the Court makes the following conclusions of law.

## JURISDICTION

This Court has subject matter jurisdiction over this case. 28 U.S.C. § 1334. Mr. Chidester is the debtor in this bankruptcy case; Cincinnati Insurance is a creditor in this bankruptcy case. The matter pertains to a fundamental bankruptcy law question: whether Mr. Chidester owes a debt to Cincinnati Insurance that is not dischargeable in bankruptcy. This matter is a core proceeding to determine the dischargeability of the particular debt. 28 U.S.C. § 157(b)(2)(I). The Court may hear and determine core proceedings, including motions for summary judgment, pursuant to 28 U.S.C. § 157(b), Fed. R. Bankr. P. 7056, and the Western District of Virginia District Court General Order of Reference, dated December 6, 1994.

## SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment motions has been summarized previously by this Court and the District Court. In general, a motion for summary judgment should be granted where the pleadings, discovery, disclosure materials, and affidavits show no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).

## CONCLUSIONS OF LAW

At the initial summary judgment hearing, Cincinnati Insurance moved forward on its summary judgment motion on two, independent theories. Transcript at p. 4, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 27.

2

First, Cincinnati Insurance argued that there was no genuine issue of material fact as to any of the elements it was required to prove under 11 U.S.C. § 523(a)(4) and then-existing Fourth Circuit precedent. Second, it argued that the Court could grant summary judgment in its favor under the doctrine of collateral estoppel. After taking the matter under advisement, the Court did not find either argument persuasive and denied Cincinnati Insurance's motion for summary judgment. *See* Memorandum Decision, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 28. On appeal, the District Court upheld the Court's determination as to Cincinnati Insurance's collateral estoppel argument, but vacated and remanded, as to the merits under 11 U.S.C. § 523(a)(4), for consideration of the facts in light of the Supreme Court's ruling in *Bullock v. BankChampaign, N.A.*, --- U.S. ---, 133 S.Ct. 1754 (2013), which ruling abrogated the Fourth Circuit's interpretation of defalcation under 11 U.S.C. § 523(a)(4). *See* Memorandum Entered by District Court, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 57.

### **Elements for Non-Dischargeability under 11 U.S.C. § 523(a)(4)**

Under section 523(a)(4) of the Code, a debt is non-dischargeable in bankruptcy if it arose from the debtor's fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4). The party challenging dischargeability under section 523(a)(4), therefore, must establish that: (1) a debt exists; (2) the debt arose while the debtor was acting in a fiduciary capacity; and (3) the debt arose from the debtor's defalcation. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008); *see also, Stanbrough v. Valle (In re Valle)*, 469 B.R. 35, 43 (Bankr. D.Idaho 2012) (citing *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 868 (9th Cir. 2001)) (holding that determinations under 11 U.S.C. § 523(a) involve a two-step process).

The facts of this case have been summarized previously by this Court and the District Court, are largely uncontested, and, as such, are adopted for purposes of this opinion. *See* Memorandum Decision at pp. 2 – 5, *In re Chidester*, No. 12-05008, ECF No. 28; Memorandum Entered by District Court at pp. 1 – 4, *In re Chidester*, No. 12-05008, ECF No. 57. With respect to the facts of this case and Cincinnati Insurance's burden to establish the elements under section 523(a)(4), Mr. Chidester has not challenged the existence of a debt owed to Cincinnati Insurance, nor has he denied the fact that he was acting as a fiduciary for Mr. Clemmer at the time the debt arose. *See* Transcript at pp. 13 – 15, *In re Chidester*, No. 12-05008, ECF No. 27; Memorandum Decision at pp. 6 – 7, *In re Chidester*, No. 12-05008, ECF No. 28. *Compare* Debtor's Answer to Complaint, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 18-1 *with* Complaint, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 1. There exists no dispute as to these material facts and Cincinnati Insurance is entitled to judgment as a matter of law as to these elements of its section 523(a)(4) dischargeability action.

The primary question before the Court is whether Cincinnati Insurance has established that the debt owed it by Mr. Chidester arose as a result of Mr. Chidester's defalcation. The term "defalcation" is not defined by the Bankruptcy Code. Bankruptcy Courts have adopted myriad definitions for the term. At the time the Court issued its previous ruling, the Fourth Circuit's interpretation of defalcation required a finding of a mere "failure to meet an obligation or a non-fraudulent default," including even "an innocent mistake which results in misappropriation or failure to account." *In re Uwimana*, 274 F.3d 806, 811 (4th Cir. 2001).

Since the Court's previous ruling, however, the Supreme Court issued *Bulloch v. BankChampaign, N.A.*, --- U.S. ---, 133 S.Ct. 1754 (2013), which defined defalcation for

4

purposes of 11 U.S.C. § 523(a)(4). The definition adopted by the Supreme Court in *Bulloch* abrogated the definition adopted by the Fourth Circuit. *Compare* 133 S.Ct. 1754 (finding that defalcation requires conduct involving bad faith, moral turpitude, other immoral conduct, or at least an intentional wrong) *with Uwimana*, 274 F.3d at 811 (finding that an innocent mistake can result in defalcation). Due to the change in law, the District Court vacated this Court's previous ruling and remanded the matter for consideration in light of *Bulloch*'s definition of defalcation. Memorandum Entered by District Court, *In re Chidester*, No. 12-05008, ECF No. 57.

In *Bulloch*, the Supreme Court held that defalcation under section 523(a)(4) requires a showing of "a culpable state of mind requirement … [or] one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bulloch*, 133 S.Ct. 1754. In explanation, the Supreme Court stated:

> where the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, [defalcation] requires an intentional wrong. We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent. Thus, we include reckless conduct of the kind set forth in the Model Penal Code. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary "consciously disregards" (or is willfully blind to) "a substantial and unjustifiable risk" that his conduct will turn out to violate a fiduciary duty. That risk "must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

*Id*. at 1759 (internal citations omitted). The District Court interpreted this explanation to mean that, in order to establish defalcation, Cincinnati Insurance must show that Mr. Chidester acted in bad faith or with gross recklessness, "*i.e.*, that [Mr.] Chidester consciously disregarded a substantial and unjustifiable risk that his conduct violated a fiduciary duty … ." Memorandum Entered by District Court at p. 6, *In re Chidester*, No. 12-05008, ECF No. 57.

5

In reviewing the record, materials submitted by the parties, and arguments of counsel, the Court determines that a dispute as to Mr. Chidester's culpable state of mind exists, and, therefore, Cincinnati Insurance is not entitled to judgment as a matter of law. According to *Bulloch*, defalcation under section 523(a)(4) requires a showing of "a culpable state of mind requirement involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bulloch*, 133 S.Ct. 1754. At the summary judgment hearing, Cincinnati Insurance, through its counsel, admitted that there is a dispute between the parties as to whether Mr. Chidester used funds properly pursuant to his fiduciary obligations to Mr. Clemmer. Transcript at p. 9, *In re Chidester*, No. 12-05008, ECF No. 27 ("Well, it's our understanding, Your Honor, that [Mr. Chidester's use of the funds pursuant to his fiduciary obligations] is sort of the case at least according to Mr. Chidester that he did use those funds for Mr. Clemmer's care.").[1] Furthermore, Mr. Chidester has attested that he "did not misappriopriate [sic] assets from Mr. Clemmer's estate. The assets of his estate were used for his care and expenses; to the best of [his] recollection, little, if anything, remained at the time of death." Plaintiff's Exhibit I at p. 8, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 18-9. Additionally, Mr. Chidester has attested that the documents, pertaining to the account he operated for Mr. Clemmer, are believed to be in the custody of Larry Clemmer, Mr. Clemmer's son. *Id.* at p. 6. Considering all inferences in favor of the non-moving party, the lack of evidence presented by Cincinnati Insurance as to Mr. Chidester's bad faith or gross recklessness and its admission, at the hearing, that a dispute exists as to whether Mr. Chidester used funds properly pursuant to his fiduciary obligations lead the

---

[1] Counsel for Cincinnati Insurance represented that this dispute was not an issue given the Fourth Circuit's precedent regarding defalcation. Transcript at p. 9, *Cincinnati Insurance Co. v. Chidester (In re Chidester)*, No. 12-05008 (Bankr. W.D. Va. Feb. 17, 2012) ECF No. 27. As the Fourth Circuit's precedent was abrogated by the Supreme Court's holding in *Bulloch*, this dispute is squarely an issue in this case.

Court to believe that a dispute as to a material fact exists as to whether Mr. Chidester committed defalcation. Because a dispute as to a material fact exists as to this element, Cincinnati Insurance is not entitled to judgment as a matter of law, and its motion for summary judgment must be denied as to this element of its section 523(a)(4) action.

## CONCLUSION

Cincinnati Insurance's motion for summary judgment is granted in part and denied in part. It is undisputed that a debt exists between Cincinnati Insurance and Mr. Chidester, and that the debt arose from Mr. Chidester's fiduciary relationship with Mr. Clemmer. As such, Cincinnati Insurance is entitled to summary judgment on these elements of its section 523(a)(4) action. A dispute exists, however, as to whether this debt is a result of Mr. Chidester's alleged defalcation, as that term has been defined by the Supreme Court in *Bulloch*. Therefore, Cincinnati Insurance is not entitled to judgment as a matter of law as to this element. That issue must be reserved for trial. A contemporaneous order consistent with this memorandum opinion will be entered.

Date: November 13, 2013                              Rebecca B. Connelly
                                                     U. S. Bankruptcy Judge